FILED

2009 SEP 16  PM 4: 03

CLERK U S DISTRICT COURT
CENTRAL DIST. C. CALIF.
LOS ANGELES

BY _____

1  LOCKE LORD BISSELL & LIDDELL LLP
2  Conrad V. Sison (SBN: 217197)
   csison@lockelord.com
3  300 South Grand Avenue, Suite 2600
   Los Angeles, California 90071
4  Telephone:  213-485-1500
5  Facsimile:   213-485-1200

6  Attorneys for Defendants
7  ZURICH AMERICAN INSURANCE COMPANY and ZURICH SERVICES
   CORPORATION
8

9                UNITED STATES DISTRICT COURT
10
               CENTRAL DISTRICT OF CALIFORNIA
11

12  KOOSHAREM CORPORATION, a          )  CASE NO. **CV09-6752 AHM**
    California Corporation dba SELECT  )                        (Ex)
13  PERSONNEL SERVICES                )
14                                    )  **DEFENDANTS' NOTICE OF**
                                      )  **REMOVAL**
15           Plaintiff,              )
         v.                          )  **[28 U.S.C. §§ 1332, 1441]**
16                                    )
17  ZURICH AMERICAN INSURANCE         )  [Superior Court of California, County
    COMPANY, a New York Corporation;  )  of Santa Barbara, Case No. 1339028]
18  ZURICH SERVICES CORPORATION, and )
    DOES 1 through 20, inclusive      )  Complaint Filed: August 17, 2009
19                                    )
20           Defendants.             )

21  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL INTERESTED**
22  **PARTIES AND THEIR ATTORNEYS OF RECORD:**
23       Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants ZURICH
24  AMERICAN INSURANCE COMPANY ("Zurich American") and ZURICH
25  SERVICES CORPORATION, ("Zurich Services" and collectively with Zurich
26  American, "Zurich") hereby remove this action from the Superior Court of California,
27  County of Santa Barbara, to the United States District Court for the Central District of
28  California, and state as follows:

*Locke Lord Bissell & Liddell LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA 90071*

1

**STATEMENT OF THE CASE**

1.    On August 17, 2009, Plaintiff KOOSHAREM CORPORATION dba SELECT PERSONNEL SERVICES ("Plaintiff") commenced an action against Zurich in the Superior Court of California, County of Santa Barbara, entitled *Koosharem Corporation dba Select Personnel Services v. Zurich American Insurance Company et al., Case No. 1339028* (the "State Court Action"). True and accurate copies of the summons and complaint in the State Court Action are attached hereto as Exhibit 1.

2.    This Notice of Removal is filed within 30 days of the filing of the Complaint and, thus, within 30 days of the date any defendant could have become aware of the State Court Action. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

3.    Plaintiff's Complaint asserts three causes of action, identified and/or generally alleged as follows:

    (1)  Breach of Contract, against Zurich American Insurance Company and Does 1 through 10;

    (2)  Breach of Contract, against Zurich Services Corporation and Does 2 through 20; and

    (3)  Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing, against all defendants.

4.    More specifically, Plaintiff alleges that Zurich mishandled workers compensation claims for the 2006 policy year, which has purportedly damaged Plaintiff by artificially inflating its payments for mishandled claims, increased subsequent premiums through "higher ex-mods," lost business opportunity, and funds expended on the necessary retention of outside consultants, experts and attorneys. (Compl. ¶¶ 16, 29.)

5.    Plaintiff alleges that Zurich Services and Zurich American each acted as the other's agent, servant, joint venturer, trustee, partner, alter-ego, affiliate, contractor

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  and/or employee, and that Zurich Services and Zurich American are jointly liable for

2  all acts alleged in the Complaint.  (Compl. ¶¶ 7, 11.)

3      6.    Based on these allegations, Plaintiff seeks to recover unspecified general

4  and special compensatory damages from Zurich.  (Compl. at Prayer for Relief, ¶¶ 1-

5  3.)

6      7.    Additionally, Plaintiff seeks to recover attorney fees and punitive

7  damages.  (Compl. at Prayer for Relief, ¶¶ 4-5.)

8  **DIVERSITY JURISDICTION**

9      8.    A case may be removed to a federal court if it could have been brought in

10  that federal court originally.  28 U.S.C. § 1441(b).

11      9.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332,

12  because there is complete diversity of citizenship between Plaintiff and all Defendants

13  and more than $75,000, exclusive of interests and costs, is at stake.

14      10.    The Complaint alleges that Plaintiff is a California corporation with its

15  principal place of business in California.  (Compl. ¶ 1.)  Thus, Plaintiff is a citizen of

16  California.

17      11.    None of the Defendants is a citizen of California.  Zurich American is a

18  New York corporation with its principal place of business in Illinois.  Zurich Services

19  is an Illinois corporation with its principal place of business in Illinois.

20      12.    With respect to the amount in controversy, although the Complaint does

21  not specify the amount of damages sought, the amount in controversy well exceeds

22  $75,000, exclusive of interest and costs.  *See, e.g., Guglielmino v. McKee Foods*

23  *Corporation*, 506 F.3d 696, 699 (9th Cir. 2007) (even where plaintiff does not allege

24  the amount in controversy, removal is proper when it is "more likely than not" that the

25  amount in controversy exceeds $75,000, exclusive of interest and costs).

26  ///

27  ///

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

13.     Zurich American and Plaintiff are parties to a pending arbitration involving some of the exact allegations that Plaintiff alleges here.[1]  In the arbitration, Plaintiff has demonstrated that the $75,000.00 threshold is well exceeded with respect to Plaintiff's claims here.  The information from that arbitration, including the pleadings submitted therein, is subject to a confidentiality agreement.  Accordingly, Zurich contemporaneously seeks leave to submit its Supplemental Submission in Support of Removal under seal.

14.     Furthermore, Plaintiff also seeks additional unspecified amounts in the form of attorney fees and punitive damages.  (Compl. at Prayer for Relief, ¶¶ 4-5.)  While Zurich denies that such amounts are proper as between the parties, such amounts are also aggregated to satisfy the $75,000 jurisdictional threshold and thus these allegations further demonstrate that the amount in controversy exceeds $75,000.  *See Surber v. Reliance Nat'l Indemn. Co.*, 110 F. Supp. 2d 1227 (N.D. Cal. 2000).

15.     To the extent that Plaintiff does not concede that it seeks more than $75,000, Zurich requests limited jurisdictional discovery to establish the amount in controversy.

## REMOVAL REQUIREMENTS

16.     Upon information and belief, no other defendants have been served with the Complaint in this matter, and therefore additional consent to this removal is not required.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (requirement for consent applies "only to defendants properly joined and served in the action").

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), because the Central District of California is the federal judicial district embracing the Superior Court of California for the County of Santa Barbara, where the State Court Action was

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

---

[1] As Plaintiff has already consented to arbitrate certain of the claims it now seeks to litigate through its Complaint, Zurich will promptly move to dismiss and/or stay this lawsuit.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1 originally filed.

2      18.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the

3 process, pleadings, and orders on file in the State Court Action or served on Zurich are

4 attached hereto as Exhibit 1.

5                              **CONCLUSION**

6      By this Notice of Removal and the associated attachments, Defendants do not

7 waive any objections they may have as to service, jurisdiction or venue, or any other

8 defenses or objections they may have to this action.  Defendants intend no admission

9 of fact, law or liability by this Notice, and expressly reserve all defenses, motions

10 and/or pleas.  Defendants pray that the State Court Action be removed to this Court,

11 that all further proceedings in the State Court Action be stayed, and that Defendants

12 receive all additional relief to which they are entitled.

13

14 Dated:  September 16, 2009          LOCKE LORD BISSELL & LIDDELL LLP

15

16                                    By:

17                                          Conrad V. Sison

18                                    Attorney for Defendants
                                      ZURICH AMERICAN INSURANCE
19                                    COMPANY and ZURICH SERVICES
                                      CORPORATION
20

21

22

23

24

25

26

27

28

# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ZURICH AMERICAN INSURANCE COMPANY, a New York
Corporation; ZURICH SERVICES CORPORATION, and DOES 1
through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KOOSHAREM CORPORATION, a California Corporation dba
SELECT PERSONNEL SERVICES

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT of CALIFORNIA
COUNTY of SANTA BARBARA

AUG 17 2009

GARY M. BLAIR, Executive Officer
BY _Terri Chavez_
TERRI CHAVEZ, Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SANTA BARBARA SUPERIOR COURT<br>1100 Anacapa Street<br>Santa Barbara, CA 93101 | CASE NUMBER:<br>*(Número del Caso):*<br>**1339028** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Drew E. Pomerance, Esq. (SBN 101239)   Phone No.: (818) 992-9999
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
5820 Canoga Ave, Suite 250, Woodland Hills, CA 91367

DATE:               AUG 17 2009              Clerk, by _GARY M. BLAIR, Executive Officer_ , Deputy
*(Fecha)*                                  *(Secretario)*   TERRI CHAVEZ          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

1 | Drew E. Pomerance, Esq., State Bar No..101239
Michael L. Phillips, Esq. (Bar No. 232978)
2 | **ROXBOROUGH, POMERANCE, NYE & ADREANI LLP**
5820 Canoga Avenue, Suite 205
3 | Woodland Hills, California 91367
Telephone: (818) 992-9999
4 | Facsimile: (818) 992-9991

5 | Attorneys for Plaintiff,
KOOSHAREM CORPORATION, a California Corporation
6 | dba SELECT PERSONNEL SERVICES

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA BARBARA

AUG 1 7 2009

GARY M. BLAIR, Executive Officer
BY _Terri Chavez_
TERRI CHAVEZ, Deputy Clerk

7

8 | 

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SANTA BARBARA

9

10 | KOOSHAREM CORPORATION, a California
Corporation dba SELECT PERSONNEL
11 | SERVICES

12 |                     Plaintiffs,

13 | vs.

14 | ZURICH AMERICAN INSURANCE
COMPANY, a New York Corporation;
15 | ZURICH SERVICES CORPORATION, and
DOES 1 through 20, inclusive,

16 |                     Defendants.

17

Case No.   1339028

**COMPLAINT FOR:**

1.   **BREACH OF CONTRACT;**

2.   **BREACH OF CONTRACT;**

3.   **TORTIOUS BREACH OF THE
IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING;AND**

**DEMAND FOR JURY TRIAL**

18

19 |        COMES NOW PLAINTIFF, KOOSHAREM CORPORATION, a California Corporation

20 | dba SELECT PERSONNEL SERVICES, alleges against DEFENDANTS, ZURICH AMERICAN

21 | INSURANCE COMPANY, ZURICH SERVICES CORPORATION and DOES 1 through 20,

22 | inclusive, as follows:

23 |        <u>GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

24 |        1.     Plaintiff KOOSHAREM CORPORATION, a California Corporation dba SELECT

25 | PERSONNEL SERVICES, is a California corporation, and at all times relevant to this action was,

26 | licensed to do business in the State of California, with its principal place of business in the County

27 | of Santa Barbara, and is engaged in the business of providing temporary employment, staffing,

28 | and recruitment services.

2.    Plaintiff is the successor-in-interest to Ablest, Inc. ("Ablest"), and assumed the rights of Ablest as alleged in this Complaint. KOOSHAREM CORPORATION, a California Corporation dba SELECT PERSONNEL SERVICES and Ablest are sometimes collectively referred to herein as "Select" or "Plaintiff".

3.    Plaintiff is further informed and believes, and thereon alleges, that ZURICH AMERICAN INSURANCE COMPANY (hereinafter referred to as "ZURICH AMERICAN") is the second largest general insurer in the United States. Plaintiff is informed and believes, and thereon alleges, that ZURICH AMERICAN is, and at all relevant times to this action was, a corporation engaged in the business of writing workers' compensation insurance and qualified to do business in the State of California.

4.    Plaintiff is informed and believes, and thereon alleges, that ZURICH AMERICAN operates numerous workers' compensation claims offices throughout the State of California.

5.    Plaintiff is informed and believes, and thereon alleges, that Defendant ZURICH SERVICES CORPORATION (hereinafter referred to as "ZSC") is a subsidiary or other related entity of ZURICH AMERICAN and functions as a separate claims adjusting business for ZURICH AMERICAN. As such, it also operates numerous workers' compensation claims offices throughout the State of California.

6.    Plaintiff is unaware of the true names and capacities of those Defendants sued as DOES 1 through 50, and they are thus sued under such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously-named Defendants in some manner proximately caused the damages to Plaintiff alleged herein. Plaintiff will seek leave of court to amend this complaint to allege these Defendants' true names and capacities when ascertained as well as other causes of action subsequently discovered.

7.    Plaintiff is informed and believes, and thereon allege, that in performing the acts alleged herein, Defendants, and each of them were acting as the agents, servants, joint venturers, trustees, partners, alter-egos, affiliates, contractors and/or employees of every other Defendant, and were acting within the course and scope of such agency, contract, service or employment. Plaintiffs are informed and believe, and thereon allege, that every Defendant authorized and

1  ratified the acts of every other Defendant.

2      8.      Venue is proper in this judicial district because Plaintiff's principal place of

3  business is in the County of Santa Barbara, in the jurisdiction of this Superior Court as set forth

4  above.

5      9.      Ablest procured two policies of workers' compensation insurance from ZURICH

6  AMERICAN with the policy period of January 1, 2006 to January 1, 2007.  Attached hereto and

7  incorporated herein by reference as Exhibit "A" is a true and correct copy of the policies of

8  insurance entered into between Ablest and ZURICH AMERICAN for workers' compensation

9  coverage.  Except as otherwise herein alleged, the above workers compensation policies are

10  hereinafter referred to collectively as the "WC Policies."  In consideration for ZURICH

11  AMERICAN providing workers compensation insurance, Ablest paid all workers compensation

12  premiums due for all of the workers' compensation policies in question.

13      10.      In conjunction with the contractual arrangement with ZURICH AMERICAN for

14  insurance coverage, Defendant ZSC was selected by ZURICH AMERICAN to provide claims

15  adjusting and administrative services.  Companies that provide such risk management services are

16  commonly referred to as a "Third Party Administrator" ("TPA").  Although alternate TPA firms

17  were available, ZURICH AMERICAN mandated that Ablest use ZSC as the TPA as a condition

18  of providing insurance.  As such, on or about January 1, 2006, Plaintiff and ZSC entered into the

19  Claim Service Contract attached hereto as Exhibit "B" and referred to herein as "Claim Service

20  Contract".

21      11.      As the TPA specifically selected by ZURICH AMERICAN to handle, adjust and

22  reserve Ablest's claims, ZSC is ZURICH AMERICAN's agent, rendering both entities joint and

23  severally liable for all acts described herein. ZURICH AMERICAN and ZSC are sometimes

24  collectively referred to herein as "ZURICH" and/or "Defendants".

25  <u>ZURICH MISHANDLED PLAINTIFFS' WORKERS' COMPENSATION CLAIMS</u>

26      12.      The WC Policies and Claim Service Contract covered workers' compensation

27  claims.

28

13.     The WC Policies covered workers' compensation claims throughout the United States and required Plaintiff to pay a deductible on claims made under said policy up to the first $500,000 for each person and per accident, and a program aggregate limit of $7,750,000. These are what are known in the industry as "Large Deductible" policies. Large Deductible policies are potentially attractive to employers like Plaintiff because the premium paid to the insurer is substantially less than with more traditional forms of insurance (*i.e.*, a guaranteed cost program) in which the insurer pays all claims. Under Plaintiff's Large Deductible WC Policies, amounts paid on claims under the deductible amount are paid by ZURICH AMERICAN, but reimbursed by Plaintiff by way of a deposit account required by and maintained by ZURICH AMERICAN. Any amounts paid on claims up to the deductible amount on the WC Policies, therefore, are Plaintiff's money. ZURICH AMERICAN billed and continues to bill Plaintiff monthly and/or quarterly for these amounts.

14.     The WC Policies contained a Retrospective Premium Endorsement (hereinafter referred to as a "Retro Endorsement"), under which, the premium paid by the insured is directly proportionate to the total amount of workers' compensation claims paid by the carrier plus the amount "reserved" by the carrier for the policy year, with a minimum and maximum premium due under the policy. The premium due is calculated at annual intervals after the expiration of the policy. If the premium owed is less than the standard premium paid by the insured, the carrier will refund the difference to the insured, and if the premium owed is larger than the standard premium, the insured will pay additional premium to the carrier at the intervals specified above. Plaintiff alleges that unlike any other type of insurance policy, the reserves that a workers' compensation insurance carrier such as ZURICH AMERICAN places on each individual workers' compensation and the manner in which a carrier administers the claim, inexorably controls the amount the insured, like Ablest, would pay in premiums to ZURICH AMERICAN and other subsequent carriers, and also determines whether ZURICH AMERICAN would be required to return any overpaid premiums to the insured.

///

///

15. Plaintiff is informed and believes and thereon alleges that by virtue of the WC Policies and Claim Service Contract, ZURICH stands in Plaintiff's shoes as their agent with respect to each claim made under the WC Policies. Plaintiff further alleges that a special relationship exists between an insured and insurer akin to a fiduciary duty, and that implied in this relationship is a covenant that neither party may act to deprive the other of the benefits of the contract.

16. Plaintiff is informed and believes, and thereon alleges, that ZURICH failed to defend and investigate and generally mishandled, these workers compensation claims made under the WC Policies in such a way as to artificially increase Plaintiff's payments for mishandled claims and for subsequent premiums through higher ex-mods in the manner described below.

**FIRST CAUSE OF ACTION**

**(Breach of Contract Against Defendants ZURICH AMERICAN INSURANCE COMPANY, and DOES 1 through 10)**

17. Plaintiff incorporates herein by this reference all of the allegations contained in Paragraphs 1 through 16 hereof as if set forth in full in this Cause of Action.

18. Plaintiff is informed and believes, and thereon alleges, that ZURICH AMERICAN breached the WC Policies by over-reserving and over paying claims made under the WC Policies, failing to provide adequate legal counsel for purposes of defending Plaintiff against the underlying workers compensation claims, and generally mishandled Plaintiff's workers' compensation claims by refusing to allow Plaintiff to audit its claim files, refusing to provide a reasonable mechanism in which an insured who is no longer insured with the Company can review files, and tried to hide its misconduct by refusing to disclose its claim files.

19. Plaintiff has performed all terms of the WC Policies, except for those terms where performance excused by ZURICH AMERICAN's misconduct.

20. As a result of ZURICH AMERICAN's breach of the WC Policies, Plaintiff has suffered losses in an amount within the jurisdictional limit of this Court. When Plaintiff ascertains the total amount of its damages, Plaintiff will seek leave of Court to allow amendment to this Complaint setting forth such total amount and loss.

1    21.    Plaintiffs further allege that as a result of ZURICH AMERICAN's breach of

2  contract, Plaintiff was forced to retain legal counsel to bring this action to enforce their rights and

3  obtain withheld benefits under the WC Policies.

4                        <u>SECOND CAUSE OF ACTION</u>

5    (Breach of Contract Against Defendants ZURICH SERVICES CORPORATION, and

6                           DOES 2 through 20)

7    22.    Plaintiff incorporates herein by this reference all of the allegations contained in

8  Paragraphs 1 through 21 hereof as if set forth in full in this Cause of Action.

9    23.    Plaintiff is informed and believes, and thereon alleges, that ZSC breached the

10 Claim Services Contract by failing to (1) review all claims and loss reports to determine which of

11 those are Qualified claims, (2) adequately investigate claims and losses, (3) create and maintain an

12 adequate claim file which was to be made available to Ablest, (4) furnish Ablest with adequate

13 claim reports, (5) provide a claim coordinator for the servicing of the Claim Services Contract, and

14 (6) retain and supervise counsel, as reasonably necessary and appropriate.

15   24.    Plaintiff has performed all terms of the Claim Services Contract, except for those

16 terms where performance excused by ZSC's misconduct.

17   25.    As a result of ZSC's breach of the Claim Services Contract, Plaintiff has suffered

18 losses in an amount within the jurisdictional limit of this Court.  When Plaintiff ascertains the total

19 amount of its damages, Plaintiff will seek leave of Court to allow amendment to this Complaint

20 setting forth such total amount and loss.

21                        <u>THIRD CAUSE OF ACTION</u>

22   <u>(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing Against All</u>

23                           <u>Defendants)</u>

24   26.    Plaintiff incorporates herein by this reference as though fully set forth in this Cause

25 of Action each and every allegation contained in Paragraphs 1 through 25, inclusive, of this

26 Complaint as if set forth herein in full.

27 ///

28 ///

1    27.    The covenant of good faith and fair dealing is implied by law in every contract to

2    protect each party's right to receive the benefits of the contract.  As a result of engaging in the

3    conduct set forth in this Complaint, ZURICH has denied Plaintiffs the benefit of the WC Policies

4    and Claim Services Contract and thus, breached the implied covenant of good faith and fair

5    dealing by having engaged in and continuing to engage in the following acts and/or omissions

6    which are implied obligations under WC Policies and Claim Service Contract with Plaintiffs as

7    follows:

8              a.   ZURICH raised reserves in amounts unreasonably disproportionate to expected

9                   losses and/or then overpaid claims;

10             b.   ZURICH ignored Plaintiff's requests and/or itself failed to undertake prompt or

11                  reasonable investigation of claims to determine whether they were

12                  compensable and/or ignored the results of such investigations;

13             c.   ZURICH failed to undertake subrosa, activity checks and other mechanisms to

14                  ensure that claimants' injuries were legitimate and/or not extended beyond the

15                  reasonable healing period;

16             d.   ZURICH failed to properly manage claimants' medical treatment, resulting in

17                  ZURICH often just paying benefits without appropriate scrutiny; and

18             e.   ZURICH failed to provide periodic or meaningful claim reviews to Plaintiff.

19    28.    Plaintiff is informed and believes, and thereon alleges, that ZURICH has

20    committed further acts and/or omissions in violation of its duty of good faith and fair dealing.

21    These acts and/or omissions are presently unknown to Plaintiff and may be discovered by Plaintiff

22    during the course of this litigation.

23    29.    As a proximate result of ZURICH's conduct, as described hereinabove, Plaintiff

24    have suffered general and special damages as described hereinabove as well as artificially

25    increasing Plaintiff's subsequent ex-mods and requiring Plaintiff to incur expense and costs to hire

26    outside consultants, experts and attorneys to assist Plaintiff in obtaining benefits under the WC

27    Policies and performance of under the Claim Services Contract.  Pursuant to the WC Policies and

28    Claim Services Contract, Plaintiff is entitled to collect all costs and expenses, including attorneys'

1  fees incurred in connection with the collection or enforcement of any obligation owed under the

2  WC Policies and Claim Services Contract. Additionally, ZURICH's conduct, as described

3  hereinabove, has been highly prejudicial to Plaintiff's business operations, including, but not

4  limited to, causing Plaintiffs to suffer loss of business opportunities all in a sum to be established

5  at the time of trial.

6      30.    Plaintiffs further allege that the conduct of ZURICH set forth herein was carried

7  out in bad faith, was malicious, fraudulent and oppressive, and evidences a complete disregard for

8  Plaintiff's interests and intent to injure, harass, vex and annoy Plaintiff. Under the circumstances

9  described, Plaintiff alleges that ZURICH's conduct constitutes "despicable conduct" as defined in

10 California *Civil Code* §3294 and established common law, thus entitling Plaintiff to recover

11 punitive damages in an amount appropriate to punish or to set an example of Defendants, and each

12 of them. Plaintiff further alleges that ZURICH at all times acted through its officers, directors and

13 employees and that they had advance knowledge of the damage being caused to Plaintiff and that

14 ZURICH approved, ordered, instructed, supervised and controlled the conduct of their officers,

15 directors and employees such as to constitute a ratification of the conduct of said officers, directors

16 and employees. Accordingly, pursuant to the doctrine of Respondent Superior, ZURICH is liable

17 for punitive damages as prayed for herein.

18     WHEREFORE, Plaintiffs pray for judgment as follows:

19                    ON THE FIRST CAUSE OF ACTION

20     1.     For general and special damages against ZURICH AMERICAN INSURANCE

21 COMPANY in a sum to be proven at trial with pre-judgment and post-judgment interest thereon at

22 the maximum rate permitted by law;

23                    ON THE SECOND CAUSE OF ACTION

24     2.     For general and special damages against ZURICH SERVICES CORPORATION in

25 a sum to be proven at trial with pre-judgment and post-judgment interest thereon at the maximum

26 rate permitted by law;

27 ///

28 ///

- 8 -

### ON THE THIRD CAUSE OF ACTION

3.    For general and special damages against ZURICH AMERICAN INSURANCE COMPANY and ZURICH SERVICES CORPORATION in a sum to be proven at trial with pre-judgment and post-judgment interest thereon at the maximum rate permitted by law

4.    For recovery of all attorneys' and consultants' fees, costs and expenses incurred to pursue and obtain the benefits of the WC Policies;

5.    For punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

### ON ALL CAUSES OF ACTION

6.    For all costs incurred by Plaintiff to date and to be incurred by Plaintiff hereafter in connection with this action; and

7.    For such other and further relief as the court deems just and proper.

DATED:  August 13, 2009                    ROXBOROUGH, POMERANCE, NYE & ADREANI LLP

By:

DREW E. POMERANCE
MICHAEL L. PHILLIPS
Attorneys for Plaintiff KOOSHAREM
CORPORATION, a California Corporation
dba SELECT PERSONNEL SERVICES

**DEMAND FOR JURY TRIAL**

Plaintiff KOOSHAREM CORPORATION, a California Corporation dba SELECT PERSONNEL SERVICE hereby demand a jury trial.

DATED: August 13, 2009          ROXBOROUGH, POMERANCE, NYE & ADREANI LLP

By: _____
     DREW E. POMERANCE
     MICHAEL L. PHILLIPS
     Attorneys for Plaintiff KOOSHAREM
     CORPORATION, a California Corporation
     dba SELECT PERSONNEL SERVICES

# EXHIBIT A

# ZURICH-AMERICAN INSURANCE GROUP

**COMMERCIAL INSURANCE**

**WORKERS COMPENSATION AND EMPLOYERS-LIABILITY INSURANCE POLICY - INFORMATION PAGE**

| | Servicing Office: |
|---|---|

Insurance for this coverage part provided by:
ZURICH AMERICAN INSURANCE COMPANY

SYRACUSE
251 SALINA MEADOWS PARKWAY
SYRACUSE, NY 13212

| | |
|---|---|
| 1. Policy Number WC 8445472-09 | Renewal of Number WC 8445472-08 |
| Named Insured and Mailing Address | Producer and Mailing Address |
| ABLEST INC<br>1901 ULMERTON ROAD<br>SUITE 300<br>CLEARWATER FL 33762 | ASSURANCE AGENCY, LTD.<br>ONE CENTURY CENTRE<br>1750 EAST GOLF ROAD<br>SCHAUMBURG IL 60173 |
| | Producer Code 24132-000 |

Other workplaces not shown above:

FEIN: 65-0978462

NCCI Company No. 10863      ☐ New   ☒ Renewal   ☐ Rewrite   of Prior Policy No.

This Information page, with policy provisions and endorsements, if any, completes this policy.

Insured Is: CORPORATION

2.  Policy Period: From 01-01-06 to 01-01-07 at 12:01 A.M. Standard Time at Insured's mailing address.

Insured's Identification number(s):
910714201

3. A.  Workers Compensation Insurance: Part One of the policy applies to the Workers' Compensation Law of the states listed here: AR, AZ, CO, FL, GA, IL, MS, NC, NY, SC, TN, TX, VA

   B.  Employers Liability Insurance: Part Two of the policy applies to the work In each state listed In Item 3.A.

   The Limits of Liability under Part Two are:
   | | | |
   |---|---|---|
   | Bodily Injury by Accident | 1,000,000 | each Accident |
   | Bodily Injury by Disease | 1,000,000 | policy limit |
   | Bodily Injury by Disease | 1,000,000 | each employee |

   C.  Other States Insurance: Part Three of the policy applies to the states, If any, listed here:
   SEE ENDORSEMENT

   D.  This policy includes these endorsements and schedules:
   See Schedule of Forms and Endorsements

4. The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All Information required on the following Classification Schedule is subject to verification and change by audit.
   See Classification Schedule

| | | | |
|---|---|---|---|
| TOTAL ESTIMATED STANDARD PREMIUM | $ | 645,165.00 | |
| PREMIUM DISCOUNT | $ | - 148,627.00 | |
| EXPENSE CONSTANT | $ | 200.00 | |
| PREMIUM FOR ENDORSEMENTS | $ | | |
| TAXES AND SURCHARGES | $ | 84,539.00 | |
| TOTAL ESTIMATED ANNUAL PREMIUM | $ | 581,277.00 | |
| MINIMUM PREMIUM | $ | | |
| DEPOSIT PREMIUM | $ | | |

If indicated below, adjustments of premium shall be made:

☒ Annually    ☐ Monthly
☐ Semi-Annually  ☐ This is a Three
☐ Quarterly      Year Fixed Rate
                 Policy

| Agent or Producer | Countersigned by Resident Licensed Agent | Date |
|---|---|---|

WC 00 00 01A

AGENT COPY

U-WC-D-314-A (07-94)
Page 1 of 1

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 00 00 A
(Ed. 4-92)

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows:

### GENERAL SECTION

**A. The Policy**

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

**B. Who Is Insured**

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

**C. Workers Compensation Law**

Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include any federal workers or workmen's compensation law, any federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.

**D. State**

State means any state of the United States of America, and the District of Columbia.

**E. Locations**

This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A. states unless you have other insurance or are self-insured for such workplaces.

## PART ONE
## WORKERS COMPENSATION INSURANCE

**A. How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.

2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

**B. We Will Pay**

We will pay promptly when due the benefits required of you by the workers compensation law.

**C. We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

**D. We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the amount payable under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

**E. Other Insurance**

We will not pay more than our share of benefits and costs covered by this insurance and other

1 of 6

Copyright, 1991 National Council on Compensation Insurance.

AGENT COPY

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY                    WC 00 00 00 A
                                                                                 (Ed. 4-92)

Insurance or self-Insurance.  Subject to any limits of liability that may apply, all shares will be equal until the loss is paid.  If any insurance or self-insurance is exhausted, the shares of all remaining insurance will be equal until the loss is paid.

F.  Payments You Must Make

You are responsible for any payments In excess of the benefits regularly provided by the workers compensation law Including those required because:

1.  of your serious and willful misconduct;

2.  you knowingly employ an employee in violation of law;

3.  you fail to comply with a health or safety law or regulation; or

4.  you discharge, coerce or otherwise discriminate against any employee in violation of the work-ers compensation law.

If we make any payments In excess of the benefits regularly provided by the workers compensation law on your behalf, you will reimburse us promptly.

G.  Recovery From Others

We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the Injury.  You will do everything necessary to protect those rights for us and to help us enforce them.

H.  Statutory Provisions

These statements apply where they are required by law.

1.  As between an injured worker and us, we have notice of the injury when you have notice.

2.  Your default or the bankruptcy or Insolvency of you or your estate will not relieve us of our duties under this insurance after an Injury occurs.

3.  We are directly and primarily liable to any person entitled to the benefits payable by this insurance.  Those persons may enforce our duties; so may an agency authorized by law.  Enforcement may be against us or against you and us.

4.  Jurisdiction over you is jurisdiction over us for purposes of the workers compensation law.  We are bound by decisions against you under that law, subject to the provisions of this policy that are not in conflict with that law.

5.  This insurance conforms to the parts of the

workers compensation law that apply to:

a.  benefits payable by this insurance; or

b.  special taxes, payments into security or other special funds, and assessments payable by us under that law,

6.  Terms of this Insurance that conflict with the workers compensation law are changed by this statement to conform to that law.

Nothing in these paragraphs relieves you of your duties under this policy.

PART TWO
EMPLOYERS LIABILITY INSURANCE

A.  How This Insurance Applies

This employers liability insurance applies to bodily injury by accident or bodily injury by disease.  Bodily injury includes resulting death.

1.  The bodily injury must arise out of and in the course of the injured employee's employment by you.

2.  The employment must be necessary or inciden-tal to your work in a state or territory listed in Item 3.A. of the Information Page.

3.  Bodily Injury by accident must occur during the policy period.

4.  Bodily Injury by disease must be caused or aggravated by the conditions of your employ-ment.  The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5.  If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

B.  We Will Pay

We will pay all sums you legally must pay as damages because of bodily injury to your employ-ees, provided the bodily injury is covered by this Employers Liability insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1.  for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed

2 of 6

Copyright, 1991 National Council on Compensation Insurance.

AGENT COPY

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY WC 00 00 00 A
(Ed. 4-92)

against such third-party as a result of injury to your employee;

2. for care and loss of services; and

3. for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;

provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

C. Exclusions

This insurance does not cover:

1. liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2. punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3. bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4. any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5. bodily injury intentionally caused or aggravated by you;

6. bodily injury occurring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

7. damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

8. bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901-950), the Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171-8173), the Outer Conti-

nental Shelf Lands Act (43 USC Sections 1331-1356), the Defense Base Act (42 USC Sections 1651-1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942), any other federal workers or workmen's compensation law or other federal occupational disease law, or any amendments to these laws;

9. bodily injury to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws;

10. bodily injury to a master or member of the crew of any vessel;

11. fines or penalties imposed for violation of federal or state law; and

12. damages payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws.

D. We Will Defend

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

E. We Will Also Pay

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding, or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the limit of our liability under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

3 of 6

Copyright, 1991 National Council on Compensation Insurance.

AGENT COPY

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 00 00 A
(Ed. 4-92)

F. Other Insurance

We will not pay more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance and self-insurance will be equal until the loss is paid.

G. Limits of Liability

Our liability to pay for damages is limited. Our limits of liability are shown in Item 3.B. of the Information Page. They apply as explained below.

1. Bodily Injury by Accident. The limit shown for "bodily injury by accident - each accident" is the most we will pay for all damages covered by this insurance because of bodily injury to one or more employees in any one accident.

   A disease is not bodily injury by accident unless it results directly from bodily injury by accident.

2. Bodily Injury by Disease. The limit shown for "bodily injury by disease - policy limit" is the most we will pay for all damages covered by this insurance and arising out of bodily injury by disease, regardless of the number of employees who sustain bodily injury by disease. The limit shown for "bodily injury by disease - each employee" is the most we will pay for all damages because of bodily injury by disease to any one employee.

   Bodily injury by disease does not include disease that results directly from a bodily injury by accident.

3. We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

H. Recovery From Others

We have your rights to recover our payment from anyone liable for an injury covered by this insurance. You will do everything necessary to protect those rights for us and to help us enforce them.

I. Actions Against Us

There will be no right of action against us under this insurance unless:

1. You have complied with all the terms of this policy; and

2. The amount you owe has been determined with our consent or by actual trial and final judgment.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability. The bankruptcy or insolvency of you or your estate will not relieve us of our obligations under this Part.

PART THREE
OTHER STATES INSURANCE

A. How This Insurance Applies

1. This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.

2. If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

3. We will reimburse you for the benefits required by the workers compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

4. If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

B. Notice

Tell us at once if you begin work in any state listed in Item 3.C. of the Information Page.

PART FOUR
YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

1. Provide for immediate medical and other services required by the workers compensation law.

2. Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.

3. Promptly give us all notices, demands and legal

4 of 6

Copyright, 1991 National Council on Compensation Insurance.

AGENT COPY

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 00 00 A
(Ed. 4-92)

papers related to the injury, claim, proceeding or suit.

4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.

5. Do nothing after an injury occurs that would interfere with our right to recover from others.

6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

### PART FIVE - PREMIUM

**A. Our Manuals**

All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

**B. Classifications**

Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications. These classifications were assigned based on an estimate of the exposures you would have during the policy period. If your actual exposures are not properly described by those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

**C. Remuneration**

Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. all your officers and employees engaged in work covered by this policy; and

2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

**D. Premium Payments**

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid.

**E. Final Premium**

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:

1. If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.

2. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force, and increased by our short-rate cancelation table and procedure. Final premium will not be less than the minimum premium.

**F. Records**

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

**G. Audit**

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

5 of 6

Copyright, 1991 National Council on Compensation Insurance.

AGENT COPY

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 00 00 A
(Ed. 4-92)

## PART SIX - CONDITIONS

A. **Inspection**

We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.

B. **Long Term Policy**

If the policy period is longer than one year and sixteen days, all provisions of this policy will apply as though a new policy were issued on each annual anniversary that this policy is in force.

C. **Transfer of Your Rights and Duties**

Your rights or duties under this policy may not be transferred without our written consent.

If you die and we receive notice within thirty days after your death, we will cover your legal representative as insured.

D. **Cancelation**

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3. The policy period will end on the day and hour stated in the cancelation notice.

4. Any of these provisions that conflict with a law that controls the cancelation of the insurance in this policy is changed by this statement to comply with the law.

E. **Sole Representative**

The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium, and give or receive notice of cancelation.

---

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated. (The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

| | | |
|---|---|---|
| Endorsement Effective | Policy No. | Endorsement No. |
| Insured | | Premium $ |
| Insurance Company | Countersigned By _____ | |

WC 00 00 00 A

(Ed. 4-92)

8 of 6

Copyright 1991 National Council on Compensation Insurance.

AGENT COPY

**ZURICH-AMERICAN INSURANCE GROUP**
COMMERCIAL INSURANCE

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY - INFORMATION PAGE**

Servicing Office:

| | |
|---|---|
| Insurance for this coverage part provided by:<br>ZURICH AMERICAN INSURANCE COMPANY | SYRACUSE<br>251 SALINA MEADOWS PARKWAY<br>SYRACUSE, NY 13212 |

| | |
|---|---|
| 1.  Policy Number WC   8445534-10 | Renewal of Number WC   8445534-09 |
| Named Insured and Mailing Address<br>ABLEST INC.<br>1901 ULMERTON ROAD<br>SUITE 300<br>CLEARWATER FL 33762 | Producer and Mailing Address<br>ASSURANCE AGENCY, LTD.<br>ONE CENTURY CENTRE<br>1750 EAST GOLF ROAD<br>SCHAUMBURG IL 60173<br><br>Producer Code 24132-813 |

Other workplaces not shown above:

FEIN: 65-0978462

NCCI Company No. 10863        ☐ New    ☒ Renewal    ☐ Rewrite    of Prior Policy No.

This information page, with policy provisions and endorsements, if any, completes this policy.

Insured is: CORPORATION

2.  Policy Period: From 01-01-06 to 01-01-07 at 12:01 A.M. Standard Time at Insured's mailing address.

Insured's identification number(s):
910714201

3. A.   Workers Compensation Insurance:  Part One of the policy applies to the Workers' Compensation Law of the states listed here: WI

   B.   Employers Liability Insurance:  Part Two of the policy applies to the work in each state listed in Item 3.A.

   The Limits of Liability under Part Two are:

   | | | |
   |---|---|---|
   | Bodily Injury by Accident | 1,000,000 | each Accident |
   | Bodily Injury by Disease | 1,000,000 | policy limit |
   | Bodily Injury by Disease | 1,000,000 | each employee |

   C.   Other States Insurance:  Part Three of the policy applies to the states, if any, listed here:
   SEE ENDORSEMENT

   D.   This policy includes these endorsements and schedules:
   See Schedule of Forms and Endorsements

4. The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans.  All information required on the following Classification Schedule is subject to verification and change by audit.
   See Classification Schedule

| | | | |
|---|---|---|---|
| TOTAL ESTIMATED STANDARD PREMIUM | $ | | If indicated below, adjustments of premium shall be made: |
| PREMIUM DISCOUNT | $ | | |
| EXPENSE CONSTANT | $ | 220.00 | ☒ Annually     ☐ Monthly |
| PREMIUM FOR ENDORSEMENTS | $ | | ☐ Semi-Annually  ☐ This is a Three Year Fixed Rate Policy |
| TAXES AND SURCHARGES | $ | | ☐ Quarterly |
| TOTAL ESTIMATED ANNUAL PREMIUM | $ | 220.00 | |
| MINIMUM PREMIUM | $ | | |
| DEPOSIT PREMIUM | $ | | |

_____        _____        _____
Agent or Producer              Countersigned by Resident Licensed Agent        Date

# Workers Compensation and
# Employers Liability Insurance Policy

ZURICH AMERICAN INSURANCE COMPANY

A stock insurance company
A member company of Zurich North America

Administrative office:
Zurich Towers
1400 American Lane
Schaumburg, Illinois 60195-1056

Insured

```
ABLEST INC.
1901 ULMERTON ROAD
SUITE 300
CLEARWATER FL 33762
```

Producer

```
ASSURANCE AGENCY, LTD.
ONE CENTURY CENTRE
1750 EAST GOLF ROAD
SCHAUMBURG IL 60173
```

President

Secretary

AGENT COPY

WC 99 00 01 (Ed. 10-99)

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 00 00 A
(Ed. 4-92)

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows:

### GENERAL SECTION

A. **The Policy**

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

B. **Who Is Insured**

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

C. **Workers Compensation Law**

Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include any federal workers or workmen's compensation law, any federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.

D. **State**

State means any state of the United States of America, and the District of Columbia.

E. **Locations**

This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A. states unless you have other insurance or are self-insured for such workplaces.

### PART ONE
### WORKERS COMPENSATION INSURANCE

A. **How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.

2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

B. **We Will Pay**

We will pay promptly when due the benefits required of you by the workers compensation law.

C. **We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

D. **We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the amount payable under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

E. **Other Insurance**

We will not pay more than our share of benefits and costs covered by this insurance and other

Copyright, 1991 National Council on Compensation Insurance.

AGENT COPY

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 00 00 A
(Ed. 4-92)

insurance or self-insurance. Subject to any limits of liability that may apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance will be equal until the loss is paid.

**F. Payments You Must Make**

You are responsible for any payments in excess of the benefits regularly provided by the workers compensation law including those required because:

1. of your serious and willful misconduct;

2. you knowingly employ an employee in violation of law;

3. you fail to comply with a health or safety law or regulation; or

4. you discharge, coerce or otherwise discriminate against any employee in violation of the workers compensation law.

If we make any payments in excess of the benefits regularly provided by the workers compensation law on your behalf, you will reimburse us promptly.

**G. Recovery From Others**

We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

**H. Statutory Provisions**

These statements apply where they are required by law.

1. As between an injured worker and us, we have notice of the injury when you have notice.

2. Your default or the bankruptcy or insolvency of you or your estate will not relieve us of our duties under this insurance after an injury occurs.

3. We are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you and us.

4. Jurisdiction over you is jurisdiction over us for purposes of the workers compensation law. We are bound by decisions against you under that law, subject to the provisions of this policy that are not in conflict with that law.

5. This insurance conforms to the parts of the

workers compensation law that apply to:

a. benefits payable by this insurance; or

b. special taxes, payments into security or other special funds, and assessments payable by us under that law.

6. Terms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law.

Nothing in these paragraphs relieves you of your duties under this policy.

**PART TWO
EMPLOYERS LIABILITY INSURANCE**

**A. How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3. Bodily injury by accident must occur during the policy period.

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

**B. We Will Pay**

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1. for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed

2 of 6

Copyright, 1991 National Council on Compensation Insurance.

AGENT COPY

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 00 00 A
(Ed. 4-92)

against such third party as a result of injury to your employee;

2. for care and loss of services; and

3. for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;

provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

C. Exclusions

This insurance does not cover:

1. liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2. punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3. bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4. any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5. bodily injury intentionally caused or aggravated by you;

6. bodily injury occurring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

7. damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

8. bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901-950), the Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171-8173), the Outer Conti-

nental Shelf Lands Act (43 USC Sections 1331-1356), the Defense Base Act (42 USC Sections 1651-1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942), any other federal workers or workmen's compensation law or other federal occupational disease law, or any amendments to these laws;

9. bodily injury to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws;

10. bodily injury to a master or member of the crew of any vessel;

11. fines or penalties imposed for violation of federal or state law; and

12. damages payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws.

D. We Will Defend

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

E. We Will Also Pay

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding, or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the limit of our liability under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

3 of 6

Copyright, 1991 National Council on Compensation Insurance.

AGENT COPY

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 00 00 A
(Ed. 4-92)

F. Other Insurance

We will not pay more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance and self-insurance will be equal until the loss is paid.

G. Limits of Liability

Our liability to pay for damages is limited. Our limits of liability are shown in Item 3.B. of the Information Page. They apply as explained below.

1. Bodily Injury by Accident. The limit shown for "bodily injury by accident - each accident" is the most we will pay for all damages covered by this insurance because of bodily injury to one or more employees in any one accident.

   A disease is not bodily injury by accident unless it results directly from bodily injury by accident.

2. Bodily Injury by Disease. The limit shown for "bodily injury by disease - policy limit" is the most we will pay for all damages covered by this insurance and arising out of bodily injury by disease, regardless of the number of employees who sustain bodily injury by disease. The limit shown for "bodily injury by disease - each employee" is the most we will pay for all damages because of bodily injury by disease to any one employee.

   Bodily injury by disease does not include disease that results directly from a bodily injury by accident.

3. We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

H. Recovery From Others

We have your rights to recover our payment from anyone liable for an injury covered by this insurance. You will do everything necessary to protect those rights for us and to help us enforce them.

I. Actions Against Us

There will be no right of action against us under this insurance unless:

1. You have complied with all the terms of this policy; and

2. The amount you owe has been determined with our consent or by actual trial and final judgment.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability. The bankruptcy or insolvency of you or your estate will not relieve us of our obligations under this Part.

## PART THREE
## OTHER STATES INSURANCE

A. How This Insurance Applies

1. This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.

2. If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

3. We will reimburse you for the benefits required by the workers compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

4. If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

B. Notice

Tell us at once if you begin work in any state listed in Item 3.C. of the Information Page.

## PART FOUR
## YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

1. Provide for immediate medical and other services required by the workers compensation law.

2. Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.

3. Promptly give us all notices, demands and legal

Copyright, 1991 National Council on Compensation Insurance.

AGENT COPY

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 00 00 A
(Ed. 4-92)

papers related to the injury, claim, proceeding or suit.

4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.

5. Do nothing after an injury occurs that would interfere with our right to recover from others.

6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

### PART FIVE - PREMIUM

A. **Our Manuals**

All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

B. **Classifications**

Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications. These classifications were assigned based on an estimate of the exposures you would have during the policy period. If your actual exposures are not properly described by those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

C. **Remuneration**

Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. all your officers and employees engaged in work covered by this policy; and

2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

D. **Premium Payments**

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid.

E. **Final Premium**

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:

1. If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.

2. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force, and increased by our short-rate cancelation table and procedure. Final premium will not be less than the minimum premium.

F. **Records**

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

G. **Audit**

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

5 of 6

Copyright, 1991 National Council on Compensation Insurance.

AGENT COPY

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 00 00 A
(Ed. 4-92)

## PART SIX - CONDITIONS

**A. Inspection**

We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.

**B. Long Term Policy**

If the policy period is longer than one year and sixteen days, all provisions of this policy will apply as though a new policy were issued on each annual anniversary that this policy is in force.

**C. Transfer of Your Rights and Duties**

Your rights or duties under this policy may not be transferred without our written consent.

If you die and we receive notice within thirty days after your death, we will cover your legal representative as insured.

**D. Cancelation**

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3. The policy period will end on the day and hour stated in the cancelation notice.

4. Any of these provisions that conflict with a law that controls the cancelation of the insurance in this policy is changed by this statement to comply with the law.

**E. Sole Representative**

The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium, and give or receive notice of cancelation.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective            Policy No.            Endorsement No.

Insured                                                Premium $

Insurance Company            Countersigned By_____

WC 00 00 00 A

(Ed. 4-92)

Copyright 1991 National Council on Compensation Insurance.

AGENT COPY

# EXHIBIT B

CLAIM SERVICES CONTRACT

between

ABLEST, INC.

and

ZURICH SERVICES CORPORATION

THIS AGREEMENT (hereinafter "Agreement") is made and entered into this 1ST day of January, 2006, by and between ABLEST, INC. a corporation licensed under the laws of the State of Florida (hereinafter referred to as "Client") and ZURICH SERVICES CORPORATION a corporation licensed under the laws of the State of Illinois (hereinafter referred to as " ZSC").

NOW THEREFORE, in consideration of the mutual covenants herein contained, the receipt and sufficiency of which are hereby acknowledged, ZSC and Client (hereinafter collectively referred to as the "Parties") agree as follows:

## ARTICLE 1 - SUBJECT OF AGREEMENT

During the period this Agreement is in effect, ZSC will provide "Claim Services" as set out in Article 3 herein, with regard to all claims reported to ZSC during the stated term of this Agreement, provided those claims fall within the coverage of the following policies of insurance, issued to: ABLEST, INC., located at 1511 North Westshore Boulevard, Tampa, FL  33607 as that coverage is determined by the issuing insurance company:

| Insurance Company | Line of Business | Policy Period | Policy Number | Applicable Limits |
|---|---|---|---|---|
| Zurich American Insurance Co. | WC | 01/01/2006 – 01/01/2007 | 8445472-09 | Per Policy |
| Zurich American Insurance Co. | WC | 01/01/2006 – 01/01/2007 | 8445534-10 | Per Policy |
| | | | | |

## ARTICLE 2 - DEFINITIONS

As used in this Agreement, the following terms will have the following definitions:

"Allocated Loss Adjustment Expense" (hereinafter "ALAE") means, unless state or federal law require otherwise, all costs, charges or expenses of ZSC, its agents, subcontractors or employees, which are properly chargeable to a Qualified claim or loss, including, but not limited to, court costs, attorney fees and costs, independent investigators, independent medical examinations, independent claim adjusting services, cost containment vendors, experts and other witnesses, court reporter and transcript copy fees, fees for obtaining or preparing diagrams, reports, documents and photographs, and all other fees, charges, costs or expenses incurred by ZSC as are necessary to properly handle the claims service under this Agreement.

"Insurers" means those insurance companies with whom client is insured under the policies described in Article 1 - SUBJECT OF AGREEMENT herein.

"Material Changes in Scope of Activity" means obligations subject to this Agreement which ZSC had no reason to anticipate at the time of execution and which have a material affect on the nature of the obligation or the amount or degree of service to be required.

"Qualified" claim or loss report means those claims and losses that fall within the subject of this Agreement, as set out in Article 1 hereto.

"Term of Agreement" means that period of time described more fully in Article 9, herein.

## ARTICLE 3 - SCOPE OF SERVICES

ZSC agrees to perform the following Claim Services:

A.    To review all claims and loss reports to determine which of those are Qualified claims and losses and to accept those that are;

B.    To investigate all Qualified claims and losses to the extent deemed necessary in the judgment of ZSC and to adjust, settle, defend or otherwise handle all such claims or losses and pay all ALAE;

C.    Create and maintain a claim file and document it appropriately. The file will be available to Client at its reasonable request subject to applicable state and federal laws, and Client's agreement that it will use the information for risk management and loss control purposes only.

2

D.   To furnish to Client all reports indicated in Exhibit A, which is attached hereto and incorporated herein by reference as though fully set forth and to perform any other reporting requirements described therein in a reasonable manner;

E.   To provide a claim coordinator for the servicing of this Agreement;

F.   To retain and store each physical claim file in accordance with the provisions of Article 6 - FILE RETENTION herein; and

G.   To retain and supervise counsel, as reasonably necessary and appropriate; and

H.   Other additional services as described in Exhibit B, incorporated by reference herein as though fully set forth.

## ARTICLE 4 - SERVICE FEE

Client agrees to pay charges and fees for the services described herein in accordance with all terms and conditions set out in Exhibit B, attached hereto and incorporated herein by reference as though fully set forth.

## ARTICLE 5 - TAXES

ZSC does not undertake any obligation to pay taxes, assessments or escheat obligations of any kind in connection with the services described herein. However, in the event that a governmental body finds that ZSC is obligated to pay, on its own behalf or as agent, such taxes, assessments, or obligations, ZSC shall have the sole discretion to determine whether such monies shall be paid, compromised, litigated or appealed, and as to all matters of procedure in connection therewith. In the event any such monies must be paid, then Client agrees to pay over such amounts to ZSC, immediately upon request.

## ARTICLE 6 - FILE RETENTION

ZSC agrees to retain and store each claim file in electronic media form for each Qualified claim or loss in the condition it was in on the date the claim file was closed by ZSC and to do so for a period of one (1) year from date of closure and to store the file thereafter in accordance with applicable law and its internal retention procedures, or at the request of the Insurer, to transfer the file to the Insurer for retention. The files will be conveyed to Insurer within ZSC's designated time frames. Client warrants and agrees that it will use the information contained in these files solely for risk management and loss control purposes and will not use the information for any

3

inappropriate personnel or employment related decisions or for the marketing of any product or services.

## ARTICLE 7 - SCOPE OF AUTHORITY

Client grants full and complete authority to ZSC for all matters pertaining to the handling of claims within the subject of this Agreement, as set out in Article 1.

## ARTICLE 8 - LOSS FUND

The Loss Fund Account is to enable ZSC to fund for claim or loss payments and ALAE payments made on behalf of Client. The Loss Fund Account will be made available by Client through the Insurer. ZSC and Client acknowledge that claim or loss payments, including ALAE payments, will be made exclusively with funds from the Loss Fund Account. At a minimum a standard monthly paid loss billing reconciliation of the loss fund account will be done.

## ARTICLE 9 - TERM OF AGREEMENT

This Agreement shall be effective for a period identical to that period the policies listed in Article 1 - "Subject of Agreement" remain in effect, with applicable limits intact, or unless canceled in accordance with the provisions of Article 11 or Article 12 herein. Any continuation or renewal of this Agreement shall be the subject of further negotiations between the Parties.

## ARTICLE 10 - SERVICE TIME PARAMETERS

It is agreed that ZSC will continue to handle and adjust to conclusion each claim that is open as of the expiration date of the Agreement, provided the claim remains within the coverage of the applicable insurance policy and the applicable limits of that policy remain intact. The charge for each claim shall cover claim services for the lifetime of the claim and shall be non-refundable. Claims must be reported to a ZSC claim office within 24 months of the inception of the contract year. Claims occurring during the contract but reported beyond the 24-month period will be priced at ZSC's then prevailing billing rate.

## ARTICLE 11 - CANCELLATION BY CLIENT

A.   Client may only cancel this Agreement by giving to ZSC thirty (30) days' written notice of its intention to do so. In that event, ZSC shall promptly convey to the Insurers all of Client's open claim files. All costs and

4

expenses incurred for such transfer shall be the obligation of the Client. In such event, all service and administrative fees which are due and payable by Client prior to the cancellation effective date, in accordance with Article 4 - "Service Fee", shall be deemed to survive any such cancellation, and ZSC shall be entitled to interest and cost of collection of such service fees.

B.    Neither Party will be responsible for, nor deemed to be in breach of, any obligation under this Agreement on account of any failure or delay in performance hereunder (except for failure to make payment when due) due to acts of God or governmental authority, strikes or labor disputes, fires or any other cause beyond the control of that Party.

## ARTICLE 12 - CANCELLATION BY ZSC

A.    In the event Client shall fail to cooperate with Insurer regarding the Loss Fund in accordance with the obligations set forth in Article 8 - Loss Fund, or Client shall be the subject of any voluntary or involuntary insolvency proceeding, or Client shall fail to pay service fees when due, as provided in Article 4 - "Service Fee", ZSC may, upon ten (10) days' written notice to Client, suspend all further claims handling and claims payments.

This Agreement is canceled in its entirety if the suspension provision contained in the first paragraph of this Article 12.A. above has been exercised and the cause(s) has not been cured within fifteen (15) business days from the date of the written notice.

In the event of a cancellation effected pursuant to this section, ZSC shall then convey all claim files to the Insurers, and all costs and expenses for such file transfer shall be the obligation of Client. In such event, all service and administrative fees which have been paid or which are due and payable by Client prior to the cancellation effective date pursuant to Article 4 - "Service Fee", shall be deemed to be fully earned by ZSC. All such obligations of Client shall be deemed to survive any such cancellation, and ZSC shall be entitled to interest and cost of collection of such service fees. In any such event, neither ZSC nor Client shall have any further responsibility or obligation hereunder, except as may be provided in this Agreement.

B.    This Agreement may terminate at ZSC option upon ten (10) days' written notice to Client, concurrently with any change in ownership or control of Client as a corporation.

5

## ARTICLE 13 - INDEPENDENT CONTRACTOR STATUS

At all times, ZSC shall be an independent contractor, and employees of ZSC shall, in no event, be considered employees of Client.

## ARTICLE 14 - PRACTICE OF LAW

It is understood and agreed that ZSC will not perform, and Client will not request performance of, any service which may constitute the unauthorized practice of law.

## ARTICLE 15 - MATERIAL CHANGES

Regarding "material changes in scope of activity", Client agrees to extend to ZSC the right to review with Client and adjust its service fees and Loss Fund requirements.

## ARTICLE 16 - COOPERATION OF CLIENT

ZSC's responsibility for performance of activities as specified in Article 3, is conditioned upon Client's reasonable cooperation with ZSC with respect to the activities of ZSC, including, but not limited to, responding to ZSC's requests for information promptly; meeting with ZSC and/or third parties, as may be needed; making decisions on matters which, as required by this Agreement or in the opinion of ZSC, should reasonably be made by Client; the payment of funds into the Loss Fund Account referred to in Article 8 - Loss Fund, as required by the terms of such Article; and performance by Client of all other obligations of this Agreement. Failure to cooperate will be considered a material breach of this Agreement.

## ARTICLE 17 - PERSONNEL SOLICITATION

During the period of this Agreement and for a period of one (1) year thereafter, ZSC agrees not to solicit for employment or employ any of Client's employees contracted during the performance of this Agreement, and Client agrees not to solicit for employment or employ, during the period of this Agreement and for a period of one (1) year thereafter, any employee of ZSC or ZSC's subcontractors contacted by Client during the performance of this Agreement.

## ARTICLE 18 - INSPECTION

Upon thirty (30) days' written notice, Client shall have the right, at any reasonable time, to inspect the records of ZSC regarding the file of any claim covered

by this Agreement subject to applicable state and federal laws, and Client's agreement that it will use the information for risk management and loss control purposes only.

## ARTICLE 19 - RESPONSIBILITY OF ZSC

ZSC does not act as an insurer for Client and this Agreement shall not be construed as an insurance policy or any contract or agreement of indemnity; it being understood that ZSC is, in no event, financially responsible for payment of or the satisfaction of any of the claims serviced pursuant to this Agreement.  The establishment of any Loss Fund Account to pay claims pursuant to Article 8 of this Agreement shall not be considered an undertaking by ZSC to be financially responsible for payments of funds into any such account.

## ARTICLE 20 - LICENSES

ZSC warrants that:

A.   It and its adjusters, claim investigators, subcontractors or appraisers will hold, at all material times of this Agreement, proper licenses, and

B.   When ZSC subcontracts any responsibility or duty stated in this Agreement, the subcontractor holds proper licenses for the work to be performed, including, but not limited to, any service company, adjusting company, adjuster, claim investigator or appraisal service company.

## ARTICLE 21 - INDEMNIFICATION

ZSC agrees to indemnify, defend and hold harmless Client with respect to any claim, demand, action, damage, cost or expense to which Client may be subjected as a consequence of any error, omission, tort, intentional tort, willful misconduct or any other negligence on the part of ZSC and/or its employees or agents, unless the complained of action of ZSC was taken at the direction of Client, its employee or agent.  In the latter event, Client agrees to indemnify and hold harmless ZSC with respect to any said claim, demand, damage, cost or expense arising therefrom or from any error, omission, tort, intentional tort, willful misconduct or any other liability on the part of Client, its employees, or its agents.

## ARTICLE 22 - COMMUNICATIONS AND NOTICES

Any notice to ZSC shall be in writing and sent by U.S. mail, by facsimile transmission with proof of delivery or by nationally recognized overnight carrier with proof of delivery, to the address of the Parties set forth below.  The date of notice shall

7

be the date on which the recipient receives notice or refuses delivery. All notices shall be addressed as follows:

| To Service Company: | To Client: |
|---|---|
| Zurich Services Corporation<br>1400 American Lane, Tower 1, 13th Floor | Ablest, Inc. |
| Schaumburg, IL 60196 | 1511 North Westshore Boulevard |
| FAX: 847/605-6109 | Tampa, FL 33607 |
| Attn: Steve Arrambide,<br>Vice President | Attn: John Horan,<br>Chief Financial Officer |

## ARTICLE 23 - SEVERABILITY

In the event any provision of this Agreement conflicts with laws applicable hereto or under which this Agreement is construed or if any provision of this Agreement shall be held illegal or unenforceable or partially illegal or unenforceable by a court with jurisdiction over the Parties to this Agreement, then this Agreement shall be modified to conform with said laws or judicial determination, and such provision shall be construed and enforced only to such extent as it may be a legal and enforceable provision, and all other provisions of this Agreement shall be given full effect separately therefrom and shall not be affected thereby.

## ARTICLE 24 - HEADINGS

Headings herein are for convenience of reference only and shall not be considered in any interpretation of this Agreement.

## ARTICLE 25 - MERGER

This Agreement supersedes all previous agreements as to the same subject matter, whether oral or written between Client and ZSC, and this Agreement constitutes the entire and sole contract between Client and ZSC, and any prior statements, agreements or representations between Client and ZSC are merged herein.

The provisions of this Agreement may be modified or amended only by mutual agreement, reduced to writing and executed by authorized representatives of both Parties, except as may be provided in this Agreement or its Exhibits. Such modification or amendment shall be attached to, and shall thereupon become a part of, this Agreement.

8

## ARTICLE 26 - JURISDICTION

This Agreement, and all aspects thereof, shall be construed under the laws of the State of Illinois.

## ARTICLE 27 - ATTORNEY FEES

Client agrees that if ZSC is required to bring an action against it to enforce any term or condition of this Agreement and Client is determined to a be at fault, then Client shall pay ZSC all reasonable costs and attorney fees incurred by ZSC by reason thereof, as set by the court, in the same action or in a separate action brought for that purpose.

## ARTICLE 28 - CONFIDENTIALITY

In performing its responsibilities under this contract, ZSC will receive nonpublic personal information ("NPI"). ZSC has a privacy policy concerning the treatment of NPI it provides or obtains in the performance of its duties including, but not limited to, self-insureds, claimants and policyholders. Federal and State laws prohibit ZSC from disclosing NPI to nonaffiliated third parties unless otherwise permitted or required by law.

NPI is generally information that personally identifies an individual and which is not otherwise available to the public. NPI includes both financial and health information of such individuals.

ZSC agrees that it will use all NPI only for the purpose for which such information was provided or obtained. ZSC also agrees that it will not disclose the NPI to any party; provided, however, that ZSC may disclose NPI to a party as necessary to fulfill its obligations under this Agreement if:

(1) the party receiving the NPI agrees to abide by the terms of this Confidentiality provision; and,

(2) ZSC provides prior notice to Client before disclosing the NPI.

**IN WITNESS WHEREOF,** the Parties hereto, by executing this Agreement, have caused this Agreement to be effective as of the date and year first above written.

**CLIENT:**
Ablest, Inc.

**SERVICE COMPANY:**
**Zurich Services Corporation**

By: _____
John Horan
**Chief Financial Officer**

By: _____
**Steve Arrambide**
**Vice President**

Date: _____

Date: _____ December 1, 2006 _____

10

## EXHIBIT A

## ABLEST, INC.

## REPORTS

One (1) copy of the following reports will be provided to Client:

| Report Name | Frequency |
|---|---|
| Ad Hoc/Optional Reports, as requested | To be determined; cost to be agreed upon. |

11

## EXHIBIT B
## PRICING FOR CLAIM SERVICES CONTRACT
## BETWEEN
## ABLEST, INC.
## AND
## ZURICH SERVICES CORPORATION
## (CRADLE TO GRAVE)
## 01/01/2006 – 01/01/2007

| TYPE OF CLAIM | FEE PER CLAIMANT | ANTICIPATED # OF CLAIMANTS | ANTICIPATED FEES |
|---|---|---|---|
| Workers Comp Medical Only | $145.00 * | 400 | $58,000.00 |
| Workers Comp Medical Only – AK, HI, ID, MT, NM, NV & OR | $225.00 * | 0 | $0.00 |
| Workers Comp Medical Only (Closed No Pay) | $72.00 * | 0 | $0.00 |
| Workers Comp Indemnity | $1,020.00 * | 120 | $122,400.00 |
| Workers Comp Indemnity – AK, HI, ID, MT, NM, NV & OR | $1,326.00 * | 0 | $0.00 |
| Workers Comp Indemnity (Closed No Pay) | $189.00 * | 0 | $0.00 |
| Workers Comp Indemnity - CA, FL, NY, PA & TX | $1,395.00 * | 13 | $18,135.00 |
| Workers Comp Indemnity (Closed No Pay) - CA, FL, NY, PA & TX | $261.00 * | 0 | $0.00 |
| Let Rest Files ( "Record Purposes Only") | $45.00 * | 0 | $0.00 |
| Estimated Annual Service Fee | | | $198,535.00 |
| Account Management Administration Fee | | | $10,900.00 |
| Total | | | $209,435.00 |

12

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Drew E. Pomerance, Esq. (SBN 101239)
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, CA, 91367
TELEPHONE NO.: (818) 992-9999          FAX NO.: (818) 992-9991
**ATTORNEY FOR** *(Name):* Koosharem Corporation dba Select Personnel Services

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: Santa Barbara, CA 93101
BRANCH NAME: Anacapa Building

CASE NAME:
Koosharem Corporation dba Select Personnel Services v. Zurich American Insurance Company

**FOR COURT USE ONLY**

F I L E D
Superior Court of CALIFORNIA
COUNTY of SANTA BARBARA

AUG 17 2009

GARY M. BLAIR, Executive Officer
BY *(signature)*
TERRI CHAVEZ, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 1339028    JUDGE:    DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 13, 2009

Drew E. Pomerance
(TYPE OR PRINT NAME)                    ▶ *(signature)*
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>DREW E. POMERANCE, ESQ. (101239)<br>MICHAEL L. PHILLIPS, ESQ. (232978)<br>ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP<br>5820 Canoga Avenue, Suite 250<br>Woodland Hills, CA 91367<br>   TELEPHONE NO.: (818) 992-9999   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>   ATTORNEY FOR *(Name):* Koosharem Corporation dba Select Personnel Services | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**
   STREET ADDRESS: 1100 Anacapa Street
   MAILING ADDRESS: same as above
   CITY AND ZIP CODE: Santa Barbara, CA 93101
   BRANCH NAME: Anacapa Building

PLAINTIFF/PETITIONER: Koosharem Corporation, a California
Corporation dba Select Personnel Services

DEFENDANT/RESPONDENT: Zurich American Insurance Company, a
New York Corporation Zurich Services Corporation

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>1339028 |
|---|---|

TO *(insert name of party being served):*  Steven T. Whitmer, Esq. on behalf of Zurich Services Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 4, 2009

Michael L. Phillips, Esq. _____     ► _____
   (TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
   1.  [x]  A copy of the summons and of the complaint.
   2.  [x]  Other: *(specify):*   A copy of Civil Case Cover Sheet

*(To be completed by recipient):*
Date this form is signed:  8/27/09

Steven T. Whitmer, Esq. _____     ► _____
   (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
   ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
                                                                 Attorney for Zurich Services Corporation

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus |

Code of Civil Procedure,
§§ 415.30, 417.10

Page 1 of 1

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DREW E. POMERANCE, ESQ. (101239)<br>MICHAEL L. PHILLIPS, ESQ. (232978)<br>ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP<br>5820 Canoga Avenue, Suite 250<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 992-9999   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Koosharem Corporation dba Select Personnel Services | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
  STREET ADDRESS: 1100 Anacapa Street
  MAILING ADDRESS: same as above
  CITY AND ZIP CODE: Santa Barbara, CA 93101
  BRANCH NAME: Anacapa Building

PLAINTIFF/PETITIONER: Koosharem Corporation, a California
Corporation dba Select Personnel Services

DEFENDANT/RESPONDENT: Zurich American Insurance Company, a
New York Corporation Zurich Services Corporation

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>1339028 |
|---|---|

TO *(Insert name of party being served):* Steven T. Whitmer, Esq. on behalf of Zurich American Insurance Company

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 26, 2009

Michael L. Phillips, Esq.
  (TYPE OR PRINT NAME)                                       ▶ _____
                                                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
  1.  [x]  A copy of the summons and of the complaint.
  2.  [x]  Other: *(specify):*   A copy of Civil Case Cover Sheet

*(To be completed by recipient):*
Date this form is signed: 8/27/09

Steven T. Whitmer, Esq.
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        ▶ _____
   ON WHOSE BEHALF THIS FORM IS SIGNED)                          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                                                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
                                                                  Attorney for Zurich American Insurance Company

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 (Rev. January 1, 2005) | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>Page 1 of 1 |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>KOOSHAREM CORPORATION dba SELECT PERSONNEL SERVICES | **DEFENDANTS**<br>ZURICH AMERICAN INSURANCE COMPANY; ZURICH SERVICES CORPORATION; DOES 1 – 20, INCLUSIVE |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Drew E. Pomerance and Michael L. Phillips, Esq.<br>ROXBOROUGH, POMERANCE, NYE & ADREANI LLP<br>5820 Canoga Ave., Suite 250<br>Woodland Hills, California 91367<br>Tel: (818) 992-9999; Fax: (818) 992-9991 | Attorneys (If Known)<br>Conrad V. Sison, Esq.<br>LOCKE LORD BISSELL & LIDDELL LLP<br>300 South Grand Avenue, Suite 2600<br>Los Angeles, California 90071<br>Tel: (213) 485-1500<br>Fax (213) 485-1200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:    **CV09-6752**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Zurich American Insurance Company (New York) <br> Zurich Services Corporation (Illinois) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York, Illinois, or Florida |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date: September 16, 2009

Conrad V. Sison

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

### CV09- 6752 AHM (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.